UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH COONEY,<br><br>   Plaintiff,<br><br>  v.<br><br>THE STATE OF CALIFORNIA, *et al.*,<br><br>   Defendants.<br>_____/ | No. C-13-0677 EMC<br><br>**ORDER GRANTING *IN FORMA PAUPERIS* APPLICATION; DISMISSING COMPLAINT IN PART; AND ORDERING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA**<br><br>**(Docket Nos. 2, 3)** |

  Plaintiff has filed a complaint against Defendants alleging various violations of her constitutional rights in the course of an August 31, 2008 incident, and a subsequent state court lawsuit. Plaintiff has also filed with the Court a redacted application to proceed *in forma pauperis* ("IFP application"), and a motion to file her unredacted application under seal. Docket Nos. 2-3.

            **I. DISCUSSION**

A. <u>Motion to File IFP Application Under Seal</u>

  Plaintiff has filed a motion to file her IFP application under seal, arguing that it contains privileged and confidential financial information, such as the banks where she has accounts, and the balances of those accounts. She expresses concern that disclosure of this information could harm her personal, professional, or financial life, though she provides no specific examples of such potential harm.

There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir.1995). "Counseling against such access would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights.'" *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir.1986) (citation omitted). The Ninth Circuit has adopted an approach that "requires that the trial court start with a strong presumption in favor of access, to be overcome only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986) (internal citations omitted). In this case, Plaintiff's IFP application contains information no more private than any of the other IFP applications that are regularly publicly filed with this Court. As Plaintiff points to no specific need to keep the information in her IFP application private, this Court **DENIES** her request, and orders her to file an unredacted version of the application.

B. *In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

In her financial affidavit, Plaintiff states that she is currently self employed, but has no income as her business is losing money. She is unmarried and has no other sources of income. She owns a car, a piano, and has several bank accounts, each with a balance of under $25. Though she has a retirement plan with almost $30,000 in it, she is not able to access these funds for the next 15 years. She has $2085 in monthly expenses. Given this information, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

C.  Allegations in Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The determination of whether the litigant has stated a claim is decided under the same standard used in Rule 12(b)(6) motions to dismiss. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability *requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully."* *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The Court notes that "*pro se* pleadings are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A court may dismiss as frivolous, however, claims that are clearly baseless, fanciful, fantastic, or delusional. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).

1.  Underlying Allegations and State Court Lawsuit

The following facts are drawn from Plaintiff's complaint. In the summer of 2008, Plaintiff was a member of the La Jolla Athletic Club and regularly swam at La Jolla Cove. Compl. at 18. Motorboats in the cove often encroached on the swim area at the cove, and Plaintiff complained on a number of occasions to lifeguard John Kerr, who was employed by the City of San Diego. *Id.* At noon on August 31, 2008, Plaintiff requested that the swim area be kept free of motorboats. *Id.* at 18-19. Shortly thereafter, she was almost hit by a private motorboat that entered the swimming area

at the cove. *Id.* at 19. She initially suffered an asthma attack from the boat's fumes, but recovered and resumed her swim. *Id.* When other swimmers expressed concern for her safety, she asked them to report the incident to the lifeguards, and to request that the swim area be kept free of motorboats. *Id.*

Plaintiff alleges that Kerr then sent two junior lifeguards to harass her and block her swim. *Id.* Plaintiff sought help from nearby kayakers, who allowed her to grab onto their boats. *Id.* Kerr then sent two lifeguard motorcraft after Plaintiff. *Id.* Kerr also called the San Diego police, and reported that Plaintiff was intoxicated, mentally disturbed, and a danger to herself. *Id.* Plaintiff also claims that Kerr assaulted her when she finally emerged from the water. *Id.* Two police officers arrested Plaintiff and took her to San Diego County Psychiatric Hospital where she was treated by psychiatrist Ivan Baroya and committed against her will. *Id.* at 20. Plaintiff alleges various improprieties and violations of her constitutional rights in the course of the arrest, commitment, and her treatment at the hospital. *Id.* at 20-24.

At some point after these events, Plaintiff filed suit against Kerr, the City and County of San Diego, and other defendants in state court. Compl. ¶ 9. Plaintiff apparently lost at the trial court, and appealed to the California Court of Appeals, where she also lost. *Id.* ¶ 27-29. Plaintiff filed a petition for re-hearing on April 10, 2012, which was denied ten days later. *Id.* at 29. She then filed a petition for review with the California Supreme Court, which was denied on June 13, 2012. *Id.* ¶ 33.

Plaintiff filed the instant suit on February 14, 2013. She brings claims under 42 U.S.C. §§ 1983, 1985, and 1986, alleging violations of her rights under the First, Fourth, Fifth, Ninth, Tenth, and Fourteenth Amendments. Compl. ¶¶ 55-63. Her federal suit alleges "improprieties" in the state court litigation that represented a violation of her federal constitutional rights. *Id.* ¶ 25. The complaint incorporates in its entirety Plaintiff's petition for review in the California Supreme Court. Compl. at 12-25. This confuses, to some degree, the claims she asserted in the state court suit and the claims she is asserting in the instant suit. Though the complaint indicates that Plaintiff is suing Defendants in large part for their conduct in the state court lawsuit, it also appears to include claims based on the underlying events at La Jolla Cove and the San Diego County Psychiatric Hospital.

4

*See, e.g.*, Compl. ¶¶ 42-54 (alleging that the law under which she was involuntarily committed is unconstitutional), 58 (alleging that her arrest was without probable cause and thus constituted a violation of her Fourth Amendment rights).

### 2. Claims Against the State of California

Plaintiff brings suit against the State of California, stating that the State "is being sued primarily as a result of the misconduct of its judiciary." Compl. ¶ 3. Though this would, on its face, suggest that there may be some other, additional bases for Plaintiff's suit against the State of California, this Court could discern none from the Complaint. Since Plaintiff's claims against the State are based on the conduct of the judges in the state court suit, they are barred by judicial immunity. Judicial immunity provides absolute immunity to a judicial officer, in exercising the authority vested in him, because the judicial officer "[should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (internal quotation marks omitted); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988) (summarizing the rationales for judicial immunity). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Though the Ninth Circuit has not addressed the issue, district courts in this Circuit have held that when a government employer is sued on a theory of respondeat superior for the actions of an employee who is subject to judicial immunity, that immunity extends to the employer. *Phiffer v. Oregon*, CV-10-1120-SU, 2011 WL 7396602 (D. Or. Nov. 21, 2011) *report and recommendation adopted*, 2:10-CV-01120-SU, 2012 WL 529948 (D. Or. Feb. 17, 2012) (finding that judicial immunity extended to state defendant where it was being sued for the actions taken by a state court and district attorney); *Webster v. Bronson*, C07-5661 FDB, 2009 WL 3185922 (W.D. Wash. Oct. 2, 2009) *aff'd*, 402 F. App'x 280 (9th Cir. 2010) (county sued for actions of investigator acting as "surrogate of the court" was entitled to judicial immunity); *Ward v. San Diego Cnty. Dep't of Soc. Servs.*, 691 F. Supp. 238, 241 (S.D. Cal. 1988) (extending quasi-judicial immunity to employer of guardian ad litem who was sued on theory of respondeat superior). With judicial immunity, the doctrine of absolute immunity entitles certain individuals to "immunity from suit rather than a mere

defense to liability." *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, Defendant State of California should be dismissed from this suit.

It is worth noting that, unlike federal judges who are absolutely immune from all suits, *see Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir.1987), state judges may, in very limited circumstances, be subject to suit under § 1983. *See* 42 U.S.C. § 1983 (as amended by Pub.L. 104–317, Title III, § 309(c), 110 Stat. 3853 (Oct. 19, 1996)) ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Flanders v. Snyder Bromley*, No. 09–01623 CMA–KMT, 2010 WL 2650028, at *7 (D.Colo., Jun. 30, 2010) ("If these special circumstances do not exist in a § 1983 action, absolute judicial immunity bars claims for injunctive relief.") (citing *Lawrence v. Kuenhold*, 271 Fed. App'x 763, 766 n. 6 (10th Cir.2008)); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197 (3d Cir.2000) (same). Plaintiff has made no showing that those circumstances obtain here.

While judicial immunity does not bar suits for injunctive or declaratory relief, *see Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), the injunctive and declaratory relief Plaintiff seeks here appears to be a de facto appeal of the court decisions in the state case. Compl. ¶¶ 91-95 (seeking declarations that Defendants breached their ethical duties, and state and federal law; that the involuntary commitment statute is unconstitutional; that Defendants violated Plaintiff's constitutional rights). In this respect, Plaintiff's claims are barred by the *Rooker–Feldman* doctrine because she seeks to overrule previous state court rulings against her. "[A] federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1029 (9th Cir.2005). "As the Ninth Circuit has explained, *Rooker–Feldman* prohibits a federal district court from exercising jurisdiction over a suit that is a 'de facto appeal from a state court judgment.'" *Khanna v. State Bar of California*, 505 F.Supp.2d 633, 640–41 (N.D. Cal. 2007) (quoting *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1139 (9th Cir.2004)); *Cunningham v. Mahoney*, No. C 10–01182 JSW, 2010 WL 2560488, at *3 (N.D. Cal. June 22, 2010). As Plaintiff here complains "of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court," this

Court lacks jurisdiction to consider her claims. *Khanna*, 505 F. Supp. 2d at 641 (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir.2003)).

As all of Plaintiff's claims against the State of California are barred by either judicial immunity or the *Rooker-Feldman* doctrine, this Court **DISMISSES** the State of California as a Defendant from this suit.[1] Since it does not appear that Plaintiff could allege any set of facts that would state a valid claim against the State of California, it would be futile to give her leave to amend. Accordingly, this dismissal is with prejudice. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

D. Propriety of Venue

With the dismissal of the State of California, all remaining defendants are based in the Southern District of California. As the events that form the basis for Plaintiff's claims also took place in the Southern District of California, this Court can discern no basis for venue in this District. 28 U.S.C. § 1391(b). A district court may raise the issue of venue sua sponte where, as here, the defendants have not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.1986). As it appears that venue is not proper in this District, Plaintiff is ordered to show cause why this case should not be transferred to the Southern District of California.

///
///
///
///

---

[1] Additionally, even if Plaintiff's claims were not barred by judicial immunity, they would be barred by Eleventh Amendment immunity. *See Montana v. Goldin*, 394 F.3d 1189, 1195 (9th Cir.2005) (noting that, absent waiver, states and state agencies are immune under the Eleventh Amendment from private actions for damages or injunctive relief in federal court). To the degree that her claims against the State of California are based on her allegations that California Welfare and Institutions Code § 5150 is facially unconstitutional, this argument has been rejected by courts, and is thus frivolous. *See Thorn v. Superior Court*, 1 Cal. 3d 666, 668 (1970) ("we have concluded that with suitable safeguards to protect the rights of such patients to counsel and to seek release on habeas corpus, the provisions of the act here in issue should be sustained"); Doe v. Gallinot, 657 F.2d 1017, 1025 (9th Cir. 1981) (upholding district court ruling that "due process requires a probable cause hearing *after* the 72-hour emergency detention period for persons alleged to be gravely disabled") (emphasis added).

## II. CONCLUSION

For the foregoing reasons, Plaintiff's request to file her application *in forma pauperis* under seal is **DENIED**, her application to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's complaint is hereby **DISMISSED** with prejudice as to Defendant State of California. Additionally, Plaintiff is **ORDERED** to show cause why this case should not be transferred to the Southern District of California. A response to this order to show cause must be filed by May 7, 2013.

This order disposes of Docket No. 3.

IT IS SO ORDERED.

Dated: April 23, 2013

_____
EDWARD M. CHEN
United States District Judge