**United States District Court**
For the Northern District of California

1

2

3

4

5                             UNITED STATES DISTRICT COURT

6                            NORTHERN DISTRICT OF CALIFORNIA

7

8   DEBORAH COONEY,                              No. C-13-0677 EMC

9              Plaintiff,

10        v.                                      **ORDER GRANTING *IN FORMA***
                                                  ***PAUPERIS* APPLICATION;**
11  THE STATE OF CALIFORNIA, *et al.*,            **DISMISSING COMPLAINT IN PART;**
                                                  **AND ORDERING PLAINTIFF TO**
12             Defendants.                        **SHOW CAUSE WHY CASE SHOULD**
                                                  **NOT BE TRANSFERRED TO THE**
    _____/     **SOUTHERN DISTRICT OF**
13                                                **CALIFORNIA**

14                                                **(Docket Nos. 2, 3)**

15

16

17        Plaintiff has filed a complaint against Defendants alleging various violations of her

18  constitutional rights in the course of an August 31, 2008 incident, and a subsequent state court

19  lawsuit.  Plaintiff has also filed with the Court a redacted application to proceed *in forma pauperis*

20  ("IFP application"), and a motion to file her unredacted application under seal.  Docket Nos. 2-3.

21                              **I.    DISCUSSION**

22  A.    Motion to File IFP Application Under Seal

23        Plaintiff has filed a motion to file her IFP application under seal, arguing that it contains

24  privileged and confidential financial information, such as the banks where she has accounts, and the

25  balances of those accounts.  She expresses concern that disclosure of this information could harm

26  her personal, professional, or financial life, though she provides no specific examples of such

27  potential harm.

28

United States District Court
For the Northern District of California

1  There is a strong presumption favoring the public's right of access to court records which

2  should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34

3  (9th Cir.1995). "Counseling against such access would be the likelihood of an improper use,

4  'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement

5  of fair trial rights of the defendants or third persons; and residual privacy rights.'" *Valley*

6  *Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir.1986) (citation

7  omitted). The Ninth Circuit has adopted an approach that "requires that the trial court start with a

8  strong presumption in favor of access, to be overcome only on the basis of articulable facts known to

9  the court, not on the basis of unsupported hypothesis or conjecture." *Valley Broad. Co. v. U.S. Dist.*

10 *Court for Dist. of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986) (internal citations omitted). In this

11 case, Plaintiff's IFP application contains information no more private than any of the other IFP

12 applications that are regularly publicly filed with this Court. As Plaintiff points to no specific need

13 to keep the information in her IFP application private, this Court **DENIES** her request, and orders

14 her to file an unredacted version of the application.

15 B.  *In Forma Pauperis* Application

16 When presented with an application to proceed *in forma pauperis*, a court must first

17 determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See*

18 *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an

19 applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d

20 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339

21 (1948)).

22 In her financial affidavit, Plaintiff states that she is currently self employed, but has no

23 income as her business is losing money. She is unmarried and has no other sources of income. She

24 owns a car, a piano, and has several bank accounts, each with a balance of under $25. Though she

25 has a retirement plan with almost $30,000 in it, she is not able to access these funds for the next 15

26 years. She has $2085 in monthly expenses. Given this information, Plaintiff's application to

27 proceed *in forma pauperis* is **GRANTED**.

28

2

United States District Court

For the Northern District of California

C.      Allegations in Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The determination of whether the litigant has stated a claim is decided under the same standard used in Rule 12(b)(6) motions to dismiss. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability *requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully."* *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The Court notes that "*pro se* pleadings are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A court may dismiss as frivolous, however, claims that are clearly baseless, fanciful, fantastic, or delusional. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).

1.      Underlying Allegations and State Court Lawsuit

The following facts are drawn from Plaintiff's complaint. In the summer of 2008, Plaintiff was a member of the La Jolla Athletic Club and regularly swam at La Jolla Cove. Compl. at 18. Motorboats in the cove often encroached on the swim area at the cove, and Plaintiff complained on a number of occasions to lifeguard John Kerr, who was employed by the City of San Diego. *Id.* At noon on August 31, 2008, Plaintiff requested that the swim area be kept free of motorboats. *Id.* at 18-19. Shortly thereafter, she was almost hit by a private motorboat that entered the swimming area

**United States District Court**
For the Northern District of California

1   at the cove. *Id.* at 19.  She initially suffered an asthma attack from the boat's fumes, but recovered

2   and resumed her swim. *Id.*  When other swimmers expressed concern for her safety, she asked them

3   to report the incident to the lifeguards, and to request that the swim area be kept free of motorboats.

4   *Id.*

5           Plaintiff alleges that Kerr then sent two junior lifeguards to harass her and block her swim.

6   *Id.*  Plaintiff sought help from nearby kayakers, who allowed her to grab onto their boats. *Id.*  Kerr

7   then sent two lifeguard motorcraft after Plaintiff. *Id.*  Kerr also called the San Diego police, and

8   reported that Plaintiff was intoxicated, mentally disturbed, and a danger to herself. *Id.*  Plaintiff also

9   claims that Kerr assaulted her when she finally emerged from the water. *Id.*  Two police officers

10  arrested Plaintiff and took her to San Diego County Psychiatric Hospital where she was treated by

11  psychiatrist Ivan Baroya and committed against her will. *Id.* at 20.  Plaintiff alleges various

12  improprieties and violations of her constitutional rights in the course of the arrest, commitment, and

13  her treatment at the hospital. *Id.* at 20-24.

14          At some point after these events, Plaintiff filed suit against Kerr, the City and County of San

15  Diego, and other defendants in state court.  Compl. ¶ 9.  Plaintiff apparently lost at the trial court,

16  and appealed to the California Court of Appeals, where she also lost. *Id.* ¶ 27-29.  Plaintiff filed a

17  petition for re-hearing on April 10, 2012, which was denied ten days later. *Id.* at 29.  She then filed

18  a petition for review with the California Supreme Court, which was denied on June 13, 2012. *Id.* ¶

19  33.

20          Plaintiff filed the instant suit on February 14, 2013.  She brings claims under 42 U.S.C. §§

21  1983, 1985, and 1986, alleging violations of her rights under the First, Fourth, Fifth, Ninth, Tenth,

22  and Fourteenth Amendments.  Compl. ¶¶ 55-63.  Her federal suit alleges "improprieties" in the state

23  court litigation that represented a violation of her federal constitutional rights. *Id.* ¶ 25.  The

24  complaint incorporates in its entirety Plaintiff's petition for review in the California Supreme Court.

25  Compl. at 12-25.  This confuses, to some degree, the claims she asserted in the state court suit and

26  the claims she is asserting in the instant suit.  Though the complaint indicates that Plaintiff is suing

27  Defendants in large part for their conduct in the state court lawsuit, it also appears to include claims

28  based on the underlying events at La Jolla Cove and the San Diego County Psychiatric Hospital.

**United States District Court**

For the Northern District of California

1    *See, e.g.*, Compl. ¶¶ 42-54 (alleging that the law under which she was involuntarily committed is

2    unconstitutional), 58 (alleging that her arrest was without probable cause and thus constituted a

3    violation of her Fourth Amendment rights).

4              2.       Claims Against the State of California

5         Plaintiff brings suit against the State of California, stating that the State "is being sued

6    primarily as a result of the misconduct of its judiciary." Compl. ¶ 3. Though this would, on its face,

7    suggest that there may be some other, additional bases for Plaintiff's suit against the State of

8    California, this Court could discern none from the Complaint. Since Plaintiff's claims against the

9    State are based on the conduct of the judges in the state court suit, they are barred by judicial

10   immunity. Judicial immunity provides absolute immunity to a judicial officer, in exercising the

11   authority vested in him, because the judicial officer "[should] be free to act upon his own

12   convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435

13   U.S. 349, 355 (1978) (internal quotation marks omitted); *see also Forrester v. White*, 484 U.S. 219,

14   226-27 (1988) (summarizing the rationales for judicial immunity). "[J]udicial immunity is not

15   overcome by allegations of bad faith or malice." *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

16        Though the Ninth Circuit has not addressed the issue, district courts in this Circuit have held

17   that when a government employer is sued on a theory of respondeat superior for the actions of an

18   employee who is subject to judicial immunity, that immunity extends to the employer. *Phiffer v.*

19   *Oregon*, CV-10-1120-SU, 2011 WL 7396602 (D. Or. Nov. 21, 2011) *report and recommendation*

20   *adopted*, 2:10-CV-01120-SU, 2012 WL 529948 (D. Or. Feb. 17, 2012) (finding that judicial

21   immunity extended to state defendant where it was being sued for the actions taken by a state court

22   and district attorney); *Webster v. Bronson*, C07-5661 FDB, 2009 WL 3185922 (W.D. Wash. Oct. 2,

23   2009) *aff'd*, 402 F. App'x 280 (9th Cir. 2010) (county sued for actions of investigator acting as

24   "surrogate of the court" was entitled to judicial immunity); *Ward v. San Diego Cnty. Dep't of Soc.*

25   *Servs.*, 691 F. Supp. 238, 241 (S.D. Cal. 1988) (extending quasi-judicial immunity to employer of

26   guardian ad litem who was sued on theory of respondeat superior). With judicial immunity, the

27   doctrine of absolute immunity entitles certain individuals to "immunity from suit rather than a mere

28

                                                    5

**United States District Court**

For the Northern District of California

1    defense to liability." *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Accordingly, Defendant

2    State of California should be dismissed from this suit.

3            It is worth noting that, unlike federal judges who are absolutely immune from all suits, *see*

4    *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir.1987), state judges may, in

5    very limited circumstances, be subject to suit under § 1983.  *See* 42 U.S.C. § 1983 (as amended by

6    Pub.L. 104–317, Title III, § 309(c), 110 Stat. 3853 (Oct. 19, 1996)) ("[I]n any action brought against

7    a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief

8    shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.");

9    *Flanders v. Snyder Bromley*, No. 09–01623 CMA–KMT, 2010 WL 2650028, at \*7 (D.Colo., Jun.

10   30, 2010) ("If these special circumstances do not exist in a § 1983 action, absolute judicial immunity

11   bars claims for injunctive relief.") (citing *Lawrence v. Kuenhold*, 271 Fed. App'x 763, 766 n. 6 (10th

12   Cir.2008)); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197 (3d Cir.2000) (same).

13   Plaintiff has made no showing that those circumstances obtain here.

14           While judicial immunity does not bar suits for injunctive or declaratory relief, *see Pulliam v.*

15   *Allen*, 466 U.S. 522, 541–42 (1984), the injunctive and declaratory relief Plaintiff seeks here appears

16   to be a de facto appeal of the court decisions in the state case.  Compl. ¶¶ 91-95 (seeking

17   declarations that Defendants breached their ethical duties, and state and federal law; that the

18   involuntary commitment statute is unconstitutional; that Defendants violated Plaintiff's

19   constitutional rights).  In this respect, Plaintiff's claims are barred by the *Rooker–Feldman* doctrine

20   because she seeks to overrule previous state court rulings against her.  "[A] federal district court

21   does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state

22   court." *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1029 (9th

23   Cir.2005).  "As the Ninth Circuit has explained, *Rooker–Feldman* prohibits a federal district court

24   from exercising jurisdiction over a suit that is a 'de facto appeal from a state court judgment.'"

25   *Khanna v. State Bar of California*, 505 F.Supp.2d 633, 640–41 (N.D. Cal. 2007) (quoting *Kougasian*

26   *v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir.2004)); *Cunningham v. Mahoney*, No. C 10–01182

27   JSW, 2010 WL 2560488, at \*3 (N.D. Cal. June 22, 2010).  As Plaintiff here complains "of a legal

28   wrong allegedly committed by the state court and seeks relief from the judgment of that court," this

1    Court lacks jurisdiction to consider her claims.  *Khanna*, 505 F. Supp. 2d at 641 (quoting *Noel v.*

2    *Hall*, 341 F.3d 1148, 1163 (9th Cir.2003)).

3         As all of Plaintiff's claims against the State of California are barred by either judicial

4    immunity or the *Rooker-Feldman* doctrine, this Court **DISMISSES** the State of California as a

5    Defendant from this suit.[1]  Since it does not appear that Plaintiff could allege any set of facts that

6    would state a valid claim against the State of California, it would be futile to give her leave to

7    amend.  Accordingly, this dismissal is with prejudice.  *See AE ex rel. Hernandez v. Cnty. of Tulare*,

8    666 F.3d 631, 636 (9th Cir. 2012).

9    D.    Propriety of Venue

10        With the dismissal of the State of California, all remaining defendants are based in the

11   Southern District of California.  As the events that form the basis for Plaintiff's claims also took

12   place in the Southern District of California, this Court can discern no basis for venue in this District.

13   28 U.S.C. § 1391(b).  A district court may raise the issue of venue sua sponte where, as here, the

14   defendants have not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v.*

15   *Weeks*, 790 F.2d 1486, 1488 (9th Cir.1986).  As it appears that venue is not proper in this District,

16   Plaintiff is ordered to show cause why this case should not be transferred to the Southern District of

17   California.

18   ///

19   ///

20   ///

21   ///

22

23        [1]Additionally, even if Plaintiff's claims were not barred by judicial immunity, they would be
     barred by Eleventh Amendment immunity.  *See Montana v. Goldin*, 394 F.3d 1189, 1195 (9th
24   Cir.2005) (noting that, absent waiver, states and state agencies are immune under the Eleventh
     Amendment from private actions for damages or injunctive relief in federal court).  To the degree
25   that her claims against the State of California are based on her allegations that California Welfare
     and Institutions Code § 5150 is facially unconstitutional, this argument has been rejected by courts,
26   and is thus frivolous.  *See Thorn v. Superior Court*, 1 Cal. 3d 666, 668 (1970) ("we have concluded
     that with suitable safeguards to protect the rights of such patients to counsel and to seek release on
27   habeas corpus, the provisions of the act here in issue should be sustained"); Doe v. Gallinot, 657
     F.2d 1017, 1025 (9th Cir. 1981) (upholding district court ruling that "due process requires a
28   probable cause hearing *after* the 72-hour emergency detention period for persons alleged to be
     gravely disabled") (emphasis added).

**United States District Court**
For the Northern District of California

7

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   CONCLUSION

For the foregoing reasons, Plaintiff's request to file her application *in forma pauperis* under seal is **DENIED**, her application to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's complaint is hereby **DISMISSED** with prejudice as to Defendant State of California.  Additionally, Plaintiff is **ORDERED** to show cause why this case should not be transferred to the Southern District of California.  A response to this order to show cause must be filed by May 7, 2013.

This order disposes of Docket No. 3.

IT IS SO ORDERED.

Dated:  April 23, 2013

_____
EDWARD M. CHEN
United States District Judge