UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBORAH COONEY,

    Plaintiff,

    v.

THE STATE OF CALIFORNIA, *et al.*,

    Defendants.

_____/

No. C-13-0677 EMC

**ORDER TRANSFERRING CASE TO SOUTHERN DISTRICT OF CALIFORNIA**

## I. DISCUSSION

Plaintiff has filed a complaint against Defendants alleging various violations of her constitutional rights in the course of an August 31, 2008 incident, and a subsequent state court lawsuit. On April 23, 2013, this Court granted Plaintiff's application to proceed *in forma pauperis*, and dismissed her claims against the State of California. Docket No. 11. The Court found that the claims against the State of California were premised entirely on allegations of judicial misconduct in the state court suit, and that they were thus barred by both judicial immunity and the *Rooker-Feldman* doctrine. As all remaining defendants were based in the Southern District of California, and as the facts giving rise to Plaintiff's claim occurred in that district, the Court ordered Plaintiff to show cause why this case should not be transferred to that district.

After requesting and receiving a one month extension of time, Plaintiff filed her response to this Court's order on June 5, 2013. Docket No. 16. Plaintiff does not dispute that venue is not proper in this district under the currently operative complaint, but states that she intends to amend her complaint to add California Supreme Court Chief Justice Tani Cantil-Sakauye as a defendant.

With such an amendment, she argues, venue will be proper in this District because Chief Justice Cantil-Sakauye resides in this District, and her alleged acts of misconduct occurred here. Plaintiff has not as yet filed any proposed amendment.

Plaintiff's proposed amendment, however, seeks to add a defendant who will almost certainly be dismissed for the same reasons this Court dismissed the State of California. As this Court previously explained, judicial immunity provides absolute immunity to a judicial officer, in exercising the authority vested in her, because the judicial officer "[should] be free to act upon h[er] own convictions, without apprehension of personal consequences to h[er]self." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (internal quotation marks omitted); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988) (summarizing the rationales for judicial immunity). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Plaintiff argues that judicial immunity does not apply to ministerial, administrative, or other non-discretionary acts, or to acts where the judge had neither jurisdiction nor authority to act. She alleges no facts, however, indicating that Chief Justice Cantil-Sakauye's actions fall into one of these categories. Indeed, in the complaint, the only allegations relating to Chief Justice Cantil-Sakauye are that she denied Plaintiff's petition for review of the appellate court's decision in the state court matter on June 13, 2012. Compl. at 12. While it is true that judicial immunity does not apply when a judge acts "in the 'clear absence of all jurisdiction,'" the Chief Justice's denial of a petition for review is not such a situation. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

Plaintiff also argues that she her claims against Chief Justice Cantil-Sakauye are not barred by the *Rooker-Feldman* doctrine because that doctrine "is all but moribund," and that "[i]t has been steadily chipped away by recent Court decisions," though she cites no cases in support of her argument. Docket No. 16 at 2. As the Ninth Circuit has just recently reaffirmed, "[t]he *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). As Plaintiff's

2

claims are based on allegations of impropriety in the state court proceedings, any claim against Chief Justice Cantil-Sakauye are barred by *Rooker-Feldman*.

Thus, the amended complaint Plaintiff states she intends to file would seek only to add a defendant against whom all claims are almost certainly barred by judicial immunity and the *Rooker-Feldman* doctrine. The possibility of such a futile amendment is not sufficient to render venue proper in this jurisdiction, as the claims against Chief Justice Cantil-Sakauye would likely be dismissed for the reasons discussed above.

## II. CONCLUSION

For the foregoing reasons, this Court finds that venue is not proper in this District, and hereby orders this case transferred to the Southern District of California.

This order disposes of Docket No. 11.

IT IS SO ORDERED.

Dated: June 11, 2013

_____
EDWARD M. CHEN
United States District Judge